IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | File No. 3:77-mj-3003 |
| | ) | |
| Leonard Peltier, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are two proposed motions submitted by Mr. James Dalton Bell as "next friend" of Leonard Peltier. These motions (Exhibits 1 & 2) were initially received by the Court on July 23, 2007 (see Exhibit 3). The motions and letter were lodged with the Court, and the issue of standing was taken under advisement.[1] On August 28, 2007, a second letter and duplicate copies of the motions were received (Exhibit 4). On August 29, 2007, the Court sent a letter to Mr. Bell (Exhibit 5), informing him that he had failed to pay the requisite filing fee or demonstrate he had "next friend" standing to bring this action. The Court recognizes that no filing fee was, in fact, due[2]; however, Mr. Bell has failed to satisfy the Court that he is the "next friend" of Defendant.

---

[1] Mr. Bell is not Mr. Peltier's attorney, nor has he previously been deemed Mr. Peltier's "next friend." Therefore, these motions were not signed in accordance with Rule 11, Fed. R. Civ. P., or Rule 7(b)(3), Fed. R. Civ. P., and would not be filed unless and until Mr. Bell established standing to file the motions.

[2] No filing fee is required to file an application for a writ of habeas corpus under 28 U.S.C. § 2255. Local Rule 4.1(A). Although Bell's pleadings are styled as motions under Fed. R. Civ. P. 60(b), he fails to satisfy the timeliness requirement of that rule. Additionally, in reading these motions, they are clearly better characterized as a habeas corpus petition. The substance, and not the linguistic form, of a motion determines its legal effect. Acker v. H. Herfurth, Jr., Inc., 110 F.2d 241, 243 (D. C. Cir. 1939).

"Next friend" standing is not granted automatically to whomever desires to pursue an action on behalf of another person.  Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).  The Supreme Court explained in Whitmore that there are at least two prerequisites for "next friend" standing:

> First, a "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . .

The first prerequisite refers to the real party in interest, not the would-be "next friend." Thus, the "next friend" must show "a reasonable excuse as to why the detainee did not sign and verify the petition."  Smith by and Through Missouri Public Defender Com'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir. 1987).  This requires a showing that the real party in interest is unable to litigate his own cause due to his mental incapacity, Dennis ex rel. Butko v. Budge, 378 F.3d 880, 889 (9th Cir. 2004), or due to his own lack of access to the court.  Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1160 (9th Cir. 2002).  Mr. Bell asserts Mr. Peltier is unaccessible to him because Bureau of Prison policy prohibits communication between prisoners at different locations.  Mr. Bell states nothing regarding Mr. Peltier's inability to access the courts, mental incompetence, or other disability.  Contrary to Mr. Bell's interpretation, the "inaccessibility" requirement clearly refers to whether Mr. Peltier has access to the courts, not whether Mr. Bell has access to Mr. Peltier.  See Coalition of Clergy, Lawyers, and Professors, 310 F.3d at 1160.  Therefore, this initial requirement has not been satisfied.

Second, an individual may only be deemed "next friend" if he or she is truly dedicated to the best interests of the real party in interest.  Mr. Bell states:

> The second requirement is: "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Huh? I've persistently tried to file two motions on behalf of Peltier, either of which would, itself, cause his release. One would entirely erase his Federal conviction. Who would suggest that I am not "truly dedicated" to his "best interests"? Only if Mr. Peltier has previously expressed a desire to remain in Federal prison until the day he dies would my motions appear anything other than "truly dedicated to [his] best interests."

(Exhibit 5) (emphasis original). Again, Mr. Bell misses the point of the requirement. Under Mr. Bell's understanding of this requirement, any person who filed a habeas corpus petition would automatically be assumed to be dedicated to the best interests of the detainee. This is contrary to the Supreme Court's reasoning in Whitmore, which stated that the two prerequisites for next-friend standing are "driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves as next friends." 495 U.S. at 164 (quotations and citations omitted). This is not to say that the Court believes Mr. Bell is intending to do harm to Mr. Peltier or is not sympathetic to his plight. But lacking any proof of Mr. Peltier's position on the matter and without any indication that Mr. Bell is capable of abiding by those wishes, this prerequisite is simply not met. Discussing this very issue, the Supreme Court stated in Whitmore, "'However friendly he may be to the doomed man and sympathetic for his situation; however concerned he may be lest unconstitutional laws be enforced, and however laudable such sentiments are, the grievance they suffer and feel is not special enough to furnish a cause of action in a case like this.'" 495 U.S. at 166 (citing Gusman v. Marrero, 180 U.S. 81, 87 (1901)). Here, Mr. Bell has not shown he is truly dedicated to the best interests of Defendant Peltier. The second requirement under Whitmore, therefore, has not been met.

Several courts, including the Eighth Circuit Court of Appeals, have slightly modified the

Whitmore test, interpreting the "truly dedicated" prerequisite to require a "sufficient relationship and interest linking the would-be next friend to the detainee." Smith, 812 F.2d at 1053. This may require a showing of some "significant, preexisting relationship with the real party in interest." Hamdi v. Rumsfeld, 294 F.3d 598, 605 (4th Cir. 2002). The purpose of this requirement is to prevent filing by a person who is seeking "simply to gain attention by injecting himself into a high-profile case," Id., and helps determine whether the next friend is truly dedicated to the best interests of the real party in interest. Sanchez-Velasco v. Secretary of Dept. of Corrections, 287 F.3d 1015, 1026 (11th Cir. 2002). Mr. Bell has not indicated he has any previous relationship with Leonard Peltier, through blood relation or otherwise. Because Mr. Bell has failed to satisfy the two-prong Whitmore test or the Eighth Circuit's modified test, he cannot be deemed the "next friend" of Leonard Peltier. His motions are therefore **DENIED** for lack of standing.

Mr. Bell has failed to establish that he is the "next friend" of Mr. Peltier, and therefore he is unable to file these motions. Even had Mr. Bell been deemed the next friend of Mr. Peltier, however, this Court would be unable to review Mr. Bell's motions. The statute of limitations has run, and Peltier has previously filed one or more habeas corpus petitions. Pursuant to 28 U.S.C. §§ 2255 and 2244, the Court cannot rule on a successive habeas corpus application absent certification by a panel from the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 9th day of October, 2007.

                                               /s/   Ralph R. Erickson
                                          Ralph R. Erickson, District Judge
                                          United States District Court