IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | Case No. 3:77-mj-3003 |
| Leonard Peltier, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is a letter (Exhibit 1, attached) from James Dalton Bell regarding the above-encaptioned case. Mr. Bell moves the Court to reconsider its October 9, 2007 Order.

Mr. Bell submitted two proposed motions and has written numerous letters to the Court (see Docs. #533 and 534, including attachments). Mr. Bell has repeatedly demanded the Court file his proposed motions in the Peltier case, address the jurisdictional issues raised therein, and provide Mr. Bell with an explanation for the Court's failure to immediately respond to each of his letters.

The Court has twice explained that Mr. Bell has not established "next friend" status and therefore lacks standing to file the proposed motions (Docs. #533 and #533-6). Mr. Bell has not supplied any of the requisite information or documentation to establish standing. Therefore, Mr. Bell may not file motions on behalf of Mr. Peltier.

Furthermore, Mr. Bell's jurisdictional arguments are without merit. Federal courts have an independent obligation to examine their own jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). However, Mr. Bell's jurisdictional claims have been previously raised in this district and deemed meritless. Laroque v. United States, 2007 WL 1652260. At that time, the judge noted that no fewer than 18 courts had considered these contentions and

rejected them.  Id.  Since LaRoque, an additional three courts have rejected these contentions.  Thus, the exact claims asserted by Bell have now been rejected by 21 United States courts without a single dissent.  Bell's claim is, on this record, both meritless and frivolous.  The Court will not revisit this sort of pretended claim that has been fully and finally resolved.

Finally, Mr. Bell asserts that the Court is obligated to explain why it has not responded to each of Mr. Bell's letters immediately upon receipt.  He cites no authority for this novel position.  Suffice it to say, the Court has many cases on its docket -- most of which raise cogent, non-frivolous issues.  The Court will not move a frivolous case to the "front of the line" simply because the litigant is difficult.

Mr. Bell's letter motion to reconsider the Court's October 9, 2007 Order is **DENIED.**

**IT IS SO ORDERED.**

Dated this 7th day of December, 2007.

  /s/    Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court